`IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| UNITED STATES | : | |
| :--- | :--- | :--- |
| | : | |
| | : | |
| v. | : | Case No.  RDB-19-0264 |
| | : | |
| CHAD ARRINGTON | : | |
| | : | |
| Defendant | : | |

### CONSENT MOTION TO CONTINUE MOTIONS DEADLINES, MOTIONS DEADLINE AND TRIAL DATE

Chad Arrington, by and through Andrew R. Szekely and Kirstin Hopkins, Assistant Federal Public Defenders, moves to continue the December 3, 2019, motions hearing in this case as well as the February 3, 2020, trial date in this case. In support, Mr. Arrington states the following:

1. Mr. Arrington is charged in a seven-count indictment. Specifically, he is charged with one count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; two counts of Wire Fraud, in violation of 18 U.S.C. § 1343; and four counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

2. The government, in broad strokes, alleges that Mr. Arrington improperly used a credit card issued by his employer to make unauthorized charges in excess of $4 million to support his music career and other business ventures. The indictment alleges that Mr. Arrington made these charges over a three-and-a-half-year span from January 2015 until August 2018 and covers a wide range of allegedly unauthorized transactions.

3. Mr. Arrington made his initial appearance before this Court on June 4, 2019. He was released on conditions on June 6, 2019.

4. On July 1, 2019, the Court issued a Scheduling Order (ECF #19) setting a trial for February 3, 2020. Pretrial motions are due to be filed on September 27, 2019, and a pretrial motions hearing is scheduled for December 3, 2019.

5. The government has made three discovery productions to date. Counsel expects one more production in the coming weeks. Discovery produced thus far in the case consists of materials relating to:

    a. Four search warrants of various residences;

    b. Two search warrants of email and social media accounts the results of which exceed 50 gigabytes of data;[1]

    c. Subpoena responses from various vendors, banks, and internet companies; and

    d. An early *Jencks* production.

6. The upcoming discovery productions relate to electronic devices seized from Mr. Arrington's residence. These are expected to be voluminous --- the materials related to the cell phone and computers taken during that search require a 1 TB hard drive.

7. These extensive materials, both received and forthcoming, may well prove to reveal numerous bases for pretrial litigation. The defense, however, cannot meaningfully review, digest, and prepare motions (other than boilerplate ones) before the September 27 2019, motions deadline.

8. Further, the defense is obliged to conduct an independent investigation into the relevant facts of the case. Some witnesses in this matter reside out-of-state, complicating and slowing the progress of the investigation.

---

[1] A gigabyte of data is the rough equivalent of 100 Bankers Boxes of documents.

9. Due to the volume of discovery, the scope of the alleged conspiracy, and the other concerns listed above, Mr. Arrington is asking the Court to continue the trial in this matter into the late spring or early summer of 2020. He also asks that the pretrial motions filing deadline and motions hearing be likewise adjusted once a new trial date has been set.

10. Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending. On July 8, 2019, this Court granted a government motion to exclude the time through October 31, 2019, from Speedy Trial Act calculations. ECF No. 20.

11. On the motion of counsel for a defendant or the United States, the Court may grant a continuance of the trial date if it finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A).

12. Periods of delay which would extend the time within which trial must commence include delay resulting from pretrial motions, and pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(D). A period granted by this Court in which to file pretrial motions is excludable delay under the general provision of Section 3161(h)(1)(D). Although that section enumerates specific excludable proceedings, the list is not exhaustive. *See* 18 U.S.C. § 3161(h)(1) (excluding from computation [a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to … ) (emphasis added). It has been interpreted to include a number of different proceedings and events

concerning a defendant, including "delays resulting from plea negotiations." *United States v. Ford*, 288 Fed. Appx. 54, 58 (4th Cir. 2008) (unpublished) (citing 18 U.S.C. § 3161(h)(1)(F)).

13. A continuance beyond the seventy-day speedy trial date is also permissible where granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Factors which the Court must consider in making this finding are listed in Section 3161(h)(7)(B) and include the following:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> * * *
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

14. This analysis considers a number of factors, including whether counsel needs additional time for effective preparation of the case. *See United States v. Mallory*, 461 Fed. Appx. 352, 358 (4th Cir. 2012) (unpublished). Mr. Arrington

respectfully submits that this case is one where the current motions and trial schedule do not permit enough time for the effective preparation of the case.

15. Mr. Arrington further submits that the above factors are applicable to this prosecution and justify an additional continuation of the trial date beyond the current trial date. Discovery production in the case has begun and is ongoing. As detailed above, the discovery in this case involves a number of specific incidents spanning nearly four years.

16. The undersigned have discussed this matter with Mr. Arrington. He expressly consents to this postponement request and to a Speedy Trial Act Exclusion through the new trial date.

17. Assistant United States Attorneys Derek Hines and Mary Setzer have authorized the undersigned to state that the government consents to this request.

Wherefore Mr. Arrington respectfully requests that this Honorable Court continue the current motions and trial dates.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely (#16407)
Kirstin M. Hopkins (# 19629)
Assistant Federal Public Defenders
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201
Phone: (410) 962-3962
Fax:  (410) 962-0872
Email: andrew_szekely@fd.org
          kirstin_hopkins@fd.org